[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties' eight year old daughter has attended Renbrook School, a private school, for the past three years, through kindergarten and first and second grades. In other words, it is the only school she has ever known. While her experience there has varied, according to the physician appointed previously to prepare a family evaluation, both parties agree that she has made "tremendous progress over the pest six months in her maturational level and school performance".
The plaintiff has moved to continue her daughter's attendance at Renbrook for the next school year, 1997-98. The defendant opposes that request. I heard testimony from both parties at a hearing on August 22, 1997.
While it seems clear that it is in the child's best interest to continue her attendance at Renbrook, the question must answer is whether there is a "special need" or "some other compelling justification" for her attendance there before I order payment by the defendant for that expense, given the dispute between the parties over her attendance. Hardisty v. Hardisty, 183 Conn. 253,265 (1981).
While it may be true that the academic and other programs at Renbrook and the East Farms School in Farmington, which the child would attend, are "roughly comparable", as the family evaluator put it, I find that the individual circumstances of this particular child at this particular time create a "special need" for her attendance at this particular private school during the 1997-98 school year. Lindsey is an "anxious" child according to both parents, who has experienced several difficult transitions in the past 18 months; e.g., change of residence, change of therapist, death of a grandparent. While the defendant minimized CT Page 9825 the effects of these changes on his daughter, I accept the testimony of the plaintiff, the custodial parent, that these changes have contributed to increased anxiety and behavioral problems. Her account is corroborated by the family evaluator, who also recommends no change in Lindsey's school attendance at this time.
Their daughter's "special need" for stability and consistency at this time has been heightened by her parents' bitter divorce contest over the past 20 months. During that time the parties have been frequently in court over everything from the joinder of a related civil suit between them with this dissolution action to whether Lindsey could go on a canoeing trip with her father. Many of their disputes have been related to their differing views of their daughter's best interest. Without drawing any conclusions as to the merit of any one of the parties' many motions, I can still conclude that the prolonged and bitter nature of their struggle cannot but have exacerbated their daughter's state of anxiety and her need for as little additional change in her life as the court can arrange.
Accordingly, I find that the minor child has a "special need" to continue her attendance at Renbrook for the 1997-98 school year and enter the following orders:
1. The plaintiff shall forthwith notify Renbrook of her daughter's attendance and take whatever steps are necessary to register her so that she may begin school on September 2, 1997.
2. Both parties being financially able to contribute to the cost of private schooling for their daughter, the defendant shall make prompt payment to Renbrook according to whatever schedule is required to enroll her and keep her enrolled for the entire school year, and the plaintiff shall reimburse him for 15% of the annual tuition, which I find to be $1507.00. Reimbursement shall be accomplished by the defendant's reducing his weekly payments to the plaintiff by $35 each week until the amount above has been satisfied.
3. Neither party is to disclose to her or his daughter the terms of this order until after her therapist has done so at her next appointment, which I have been advised will be on Thursday, August 28, 1997. Counsel for the child is requested to contact the therapist immediately upon receipt of this order and advise the therapist of its terms prior to the child's next appointment. CT Page 9826
These orders are entered without prejudice to the parties as concerns school years after 1997-98 and intimate no opinion on my part as to what may be in their daughter's best interest at that time.
BY THE COURT
SHORTALL, JUDGE.